UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

PFIZER, INC.,

       Plaintiff,

vs.

THE INDIVIDUALS, PARTNERSHIPS
AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON
SCHEDULE "A" and
DOES 1-10,

       Defendants.
_____/

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff, Pfizer, Inc. ("Plaintiff" or "Pfizer") hereby sues Defendants, the Individuals, Partnerships and Unincorporated Associations identified on Schedule "A" hereto and Does 1-10 (collectively "Defendants"). Defendants are promoting, selling, offering for sale, and distributing pharmaceutical products using counterfeits and confusingly similar imitations of Pfizer's trademarks within this district through various e-commerce stores using the seller identification names set forth on Schedule "A" hereto (the "Seller IDs"). In support of its claims, Pfizer alleges as follows:

## JURISDICTION AND VENUE

1.    This is an action for federal trademark counterfeiting and infringement, false designation of origin, federal dilution, common law unfair competition, and common law trademark infringement pursuant to 15 U.S.C. §§ 1114, 1116, and 1125(a), (b), and (c) and The All Writs Act, 28 U.S.C. § 1651(a). Accordingly, this Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338. This Court has

supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Pfizer's state law claims because those claims are so related to the federal claims that they form part of the same case or controversy.

2.  Defendants are subject to personal jurisdiction in this district, because they direct business activities toward and conduct business with consumers within the State of Florida and this district through at least the Internet based e-commerce stores operating under their Seller IDs.

3.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391 since Defendants are, upon information and belief, engaged in infringing activities and causing harm within this district by advertising, offering to sell, and selling infringing products to consumers in Florida.

## THE PLAINTIFF

4.  Pfizer is a corporation organized under the laws of the State of Delaware with its principal place of business at 235 East 42nd Street, New York, New York.  Pfizer is, in part, engaged in the business of manufacturing, distributing, and selling throughout the world, including within this district, pharmaceutical products, under multiple world famous common law and federally registered trademarks, including those identified in Paragraph 16 below. Pfizer offers for sale and sells its trademarked goods within this district. Defendants, through the sale and offering for sale of counterfeit and infringing Pfizer branded products, are directly, and unfairly, competing with Pfizer's economic interests in the State of Florida and causing Pfizer harm within this jurisdiction. Pfizer regularly enforces its trademark rights and authorized this action be brought in its name.

5.  Pfizer is one of the world's most prominent pharmaceutical companies that, among other things, researches, develops, markets, and sells pharmaceutical products to

consumers within this district and throughout the world.  One of Pfizer's most well-known and successful products is sildenafil citrate – widely recognized under Pfizer's brand name, VIAGRA®.  Pfizer began producing VIAGRA® in 1998, and it is the first FDA-approved oral medication for erectile dysfunction.

6. Like many other famous trademark owners, Pfizer suffers ongoing daily and sustained violations of its trademark rights at the hands of counterfeiters and infringers, such as Defendants herein, who wrongfully reproduce and counterfeit Pfizer's trademarks for the twin purposes of (i) duping and confusing the consuming public and (ii) earning substantial profits. The natural and intended byproduct of Defendants' actions is the erosion and destruction of the goodwill associated with the Pfizer name and associated trademarks.

7. In order to combat the indivisible harm caused by the combined actions of Defendants and others engaging in similar conduct, each year Pfizer expends significant sums of money in connection with trademark enforcement efforts, including legal fees, investigative fees, and support mechanisms for law enforcement.  The explosion of counterfeiting over the Internet has created an environment that requires significant time and money across a wide spectrum of efforts in order to protect both consumers and Pfizer from the ill effects of confusion and the erosion of the goodwill connected to the Pfizer brands.

## THE DEFENDANTS

8. Defendants are individuals and/or business entities of unknown makeup, each of whom, upon information and belief, resides and/or operates in other foreign jurisdictions, including the People's Republic of China. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b). Defendants, upon information and belief, conduct

pervasive business throughout the United States, including within this district through the operation of, at least, the e-commerce stores existing under the Seller IDs.

9. Upon information and belief, Defendants use aliases in conjunction with the operation of their business as set forth in Schedule "A" hereto.

10. Pfizer is presently unaware of the true names of Does 1-10, although they are generally identified as the agents and/or co-conspirators of the Defendants operating under the Seller IDs. Pfizer will amend this Complaint upon discovery of the identities of such fictitious Defendants.

11. Defendants are the past and present controlling forces behind the sale of counterfeit and infringing products under Pfizer's trademarks as described herein.

12. Upon information and belief, Defendants directly engage in unfair competition with Pfizer by advertising, offering for sale, and selling goods bearing counterfeits and infringements of one or more of Pfizer's trademarks to consumers within the United States and this district through Internet based e-commerce stores using, at least, the Seller IDs, and additional names or seller identification aliases not yet known to Pfizer. Defendants have purposefully directed some portion of their illegal activities towards consumers in the State of Florida through the advertisement, offer to sell, sale, and shipment of counterfeit Pfizer branded goods into the State.

13. Defendants have registered, established or purchased, and maintained the Seller IDs. Upon information and belief, Defendants have engaged in fraudulent conduct with respect to the registration of the Seller IDs by providing false and/or misleading information to their registrars and Internet based marketplace websites where they sell during the registration or maintenance process. Upon information and belief, Defendants have anonymously registered and

4

maintained some of the Seller IDs for the sole purpose of engaging in illegal counterfeiting activities.

14. Upon information and belief, Defendants will continue to register or acquire new seller identification aliases for the purpose of selling and offering for sale goods bearing counterfeit and confusingly similar imitations of Pfizer's trademarks unless preliminarily and permanently enjoined.

15. Defendants' Internet-based businesses amount to nothing more than illegal operations established and operated in order to infringe the intellectual property rights of Pfizer and others.

16. Defendants are using Pfizer's famous name and trademarks to drive Internet consumer traffic to their e-commerce stores operating under the Seller IDs, thereby increasing the value of the Seller IDs and decreasing the size and value of Pfizer's legitimate common marketplace at Pfizer's expense.

## COMMON FACTUAL ALLEGATIONS

### Plaintiff's Business and Trademark Rights

17. Pfizer is the owner of all rights in and to the following trademarks, which are valid and registered on the Principal Register of the United States Patent and Trademark Office (collectively, the "Pfizer Marks"):

| Trademark | Registration Number | Registration Date | Class(es) / Relevant Goods |
|---|---|---|---|
| VIAGRA | 2,162,548 | June 2, 1998 | IC 005 – compound for treating erectile dysfunction. |
| VGR | 2,827,922 | March 30, 2004 | IC 005 – compound for treating erectile dysfunction. |

5

| Trademark | Registration Number | Registration Date | Class(es) / Relevant Goods |
|---|---|---|---|
| PFIZER | 2,951,026 | May 17, 2005 | IC 005 – full line of medicated and pharmaceutical preparations, both prescription and over-the-counter, for use in connection with humans. |
| Pfizer | 3,125,531 | August 8, 2006 | IC 005 – full line of medicated and pharmaceutical preparations, both prescription and over-the-counter, for use in connection with humans and animals. |

The Pfizer Marks are used in connection with the manufacture and distribution of pharmaceutical products in the categories identified above.

18. The Pfizer Marks have been used in interstate commerce to identify and distinguish Pfizer's pharmaceutical products for an extended period of time.

19. The Pfizer Marks are well-known and famous and have been for many years. Pfizer has expended substantial time, money, and other resources developing, advertising, and otherwise promoting the Pfizer Marks and products bearing the Pfizer Marks. The Pfizer Marks qualify as famous marks as that term is used in 15 U.S.C. § 1125(c)(1).

20. Pfizer has extensively used, advertised, and promoted the Pfizer Marks in the United States in association with the sale of pharmaceutical products.

21. As a result of Pfizer's efforts, members of the consuming public readily identify pharmaceutical products bearing or sold under the Pfizer Marks as being sponsored and approved by Pfizer.

22. Accordingly, the Pfizer Marks have achieved secondary meaning as identifiers of Pfizer's products.

23. The Pfizer Marks serve as symbols of Pfizer's quality, reputation, and goodwill and have never been abandoned.

6

24. Pfizer has carefully monitored and policed the use of the Pfizer Marks and has never assigned or licensed the Pfizer Marks to any of the Defendants in this matter.

25. Genuine Pfizer branded goods bearing the Pfizer Marks are widely legitimately advertised and promoted by Pfizer via the Internet. Over the course of the past ten years, visibility on the World Wide Web, particularly via Internet search engines such as Google, Yahoo!, and Bing has become increasingly important to Pfizer's overall marketing and consumer education efforts. Thus, Pfizer expends significant monetary resources on Internet marketing and consumer education, including search engine optimization ("SEO") strategies. Those strategies allow Pfizer and its authorized retailers to fairly and legitimately educate consumers about the value associated with the Pfizer name and the branded products sold thereunder, including VIAGRA®.

**Defendants' Infringing Activities**

26. Upon information and belief, Defendants are promoting and advertising, distributing, offering for sale and selling purported sildenafil citrate products in interstate commerce using counterfeit and infringing trademarks that are exact copies of the Pfizer Marks (the "Counterfeit Goods") through at least the e-commerce stores operating under the Seller IDs. Specifically, upon information and belief, Defendants are using identical copies of the Pfizer Marks for different quality products. Pfizer used the Pfizer Marks extensively and continuously before Defendants began offering counterfeit and confusingly similar imitations of Pfizer's products.

27. Upon information and belief, Defendants' Counterfeit Goods are of a quality substantially different than that of Pfizer's genuine goods. Defendants, upon information and belief, are actively using, promoting and otherwise advertising, distributing, offering for sale,

and selling substantial quantities of their Counterfeit Goods with the knowledge and intent that such goods will be mistaken for the genuine quality pharmaceutical products offered for sale by Pfizer, despite Defendants' knowledge that they are without authority to use the Pfizer Marks. The net effect of Defendants' actions will cause confusion of consumers who will believe Defendants' Counterfeit Goods are genuine goods originating from, associated with, and approved by Pfizer.

28. Defendants advertise their Counterfeit Goods for sale to the consuming public via e-commerce stores on marketplace websites using at least the Seller IDs. In so advertising these goods, Defendants use the Pfizer Marks without Pfizer's permission. The misappropriation of Pfizer's advertising ideas in the form of the Pfizer Marks is a proximate cause of damage to Pfizer.

29. As part of their overall infringement and counterfeiting scheme, Defendants are, upon information and belief, all employing substantially similar, paid advertising and marketing strategies based, in large measure, upon an illegal use of counterfeits and infringements of the Pfizer Marks. Specifically, Defendants are using counterfeits of Pfizer's famous name and the Pfizer Marks in order to make their e-commerce stores selling illegal goods appear more relevant and attractive to consumers online. By their actions, Defendants have created an illegal marketplace operating in parallel to the legitimate marketplace for Pfizer's genuine pharmaceutical products. Defendants are causing concurrent and indivisible harm to Pfizer and the consuming public by (i) depriving Pfizer and other third parties of their right to fairly compete for space within search engine results and reducing the visibility of Pfizer's genuine goods on the World Wide Web, (ii) causing an overall degradation of the value of the goodwill

associated with the Pfizer Marks, and (iii) increasing Pfizer's overall cost to market its goods and educate consumers about its brands via the Internet.

30. Upon information and belief, Defendants are concurrently targeting their counterfeiting and infringing activities toward consumers and causing harm within this district and elsewhere throughout the United States. As a result, Defendants are defrauding Pfizer and the consuming public for Defendants' own benefit.

31. Upon information and belief, at all times relevant hereto, Defendants in this action had full knowledge of Pfizer's ownership of the Pfizer Marks, including its exclusive right to use and license such intellectual property and the goodwill associated therewith.

32. Defendants' use of the Pfizer Marks, including the promotion and advertisement, reproduction, distribution, offering for sale, and sale of their Counterfeit Goods, is without Pfizer's consent or authorization.

33. Defendants are engaging in the above-described illegal counterfeiting and infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Pfizer's rights for the purpose of trading on Pfizer's goodwill and reputation.

34. Defendants' above identified infringing activities are likely to cause confusion, deception, and mistake in the minds of consumers, the public, and the trade before, during and after the time of purchase. Moreover, Defendants' wrongful conduct is likely to create a false impression and deceive customers, the public, and the trade into believing there is a connection or association between Pfizer's genuine pharmaceutical products and Defendants' Counterfeit Goods, which there is not.

35. Further, upon information and belief, Defendants are likely to transfer or secret their assets to avoid payment of any monetary judgment awarded to Pfizer.

36. Pfizer has no adequate remedy at law.

37. Pfizer is suffering irreparable and indivisible injury and has suffered substantial damages as a result of Defendants' unauthorized and wrongful use of the Pfizer Marks. If Defendants' counterfeiting and infringing, and unfairly competitive activities are not preliminarily and permanently enjoined by this Court, Pfizer and the consuming public will continue to be harmed.

38. The harm and damages sustained by Pfizer have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offers to sell, and sale of their Counterfeit Goods.

## COUNT I - TRADEMARK COUNTERFEITING AND INFRINGEMENT PURSUANT TO § 32 OF THE LANHAM ACT (15 U.S.C. § 1114)

39. Pfizer hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 38 above.

40. This is an action for trademark counterfeiting and infringement against Defendants based on their use of counterfeit and confusingly similar imitations of the Pfizer Marks in commerce in connection with the promotion, advertisement, distribution, offering for sale and sale of the Counterfeit Goods.

41. Defendants are importing, promoting, and otherwise advertising, offering for sale, selling, and distributing pharmaceutical products using counterfeits and/or infringements of one or more of the Pfizer Marks. Defendants are continuously infringing and inducing others to infringe the Pfizer Marks by using them to advertise, promote and sell counterfeit and infringing goods.

42. Defendants' concurrent counterfeiting and infringing activities are likely to cause and actually are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Counterfeit Goods.

43. Defendants' unlawful actions have individually and jointly caused and are continuing to cause unquantifiable damages to Pfizer and are unjustly enriching the Defendants at Pfizer's expense.

44. Defendants' above-described illegal actions constitute counterfeiting and infringement of the Pfizer Marks in violation of Pfizer's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

45. Pfizer has suffered and will continue to suffer irreparable injury due to the Defendants' above described activities if Defendants are not preliminarily and permanently enjoined.

## COUNT II - FALSE DESIGNATION OF ORIGIN PURSUANT TO § 43(a) OF THE LANHAM ACT (15 U.S.C. § 1125(a))

46. Pfizer hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 38 above.

47. Upon information and belief, Defendants' Counterfeit Goods bearing copies of the Pfizer Marks have been widely advertised, offered for sale, and sold throughout the United States.

48. Defendants' Counterfeit Goods bearing, imported, offered for sale, and sold using copies of the Pfizer Marks are virtually identical in appearance to Pfizer's genuine goods. However, Defendants' Counterfeit Goods are different and likely inferior in quality. Accordingly, Defendants' activities are likely to cause confusion in the trade and among the general public as to at least the origin or sponsorship of their Counterfeit Goods.

49. Defendants, upon information and belief, have used in connection with their sale of the Counterfeit Goods, false designations of origin and false descriptions and representations, including words or other symbols, which tend to falsely describe or represent such goods and have caused such goods to enter into commerce with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to Pfizer's detriment.

50. Defendants have authorized infringing uses of the Pfizer Marks in Defendants' advertisement and promotion of their counterfeit and infringing branded goods. Defendants have misrepresented to members of the consuming public that the Counterfeit Goods being advertised and sold by them are genuine, non-infringing goods.

51. Additionally, Defendants are using counterfeits and infringements of the Pfizer Marks in order to unfairly compete with Pfizer and others for space within search engine organic results, thereby jointly depriving Pfizer of a valuable marketing and educational tool which would otherwise be available to Pfizer and reducing the visibility of Pfizer's genuine goods on the World Wide Web.

52. Defendants' above-described actions are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

53. Pfizer has no adequate remedy at law, and has sustained indivisible injury and damage caused by Defendants' concurrent conduct. Absent an entry of an injunction by this Court, Pfizer will continue to suffer irreparable injury to its goodwill and business reputation, as well as monetary damages.

## COUNT III – FEDERAL DILUTION PURSUANT TO § 43(c) OF THE LANHAM ACT (15 U.S.C. § 1125(c))

54. Pfizer hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 38 above.

55. The Pfizer Marks are extraordinarily famous and well known throughout the United States, having been used exclusively and extensively by Pfizer for decades. By reason of Pfizer's extensive advertising and use, the Pfizer Marks have become highly distinctive of Pfizer's pharmaceutical products, and are uniquely associated with Pfizer. The Pfizer Marks were famous long before Defendants imported, offered for sale, or sold the Counterfeit Goods.

56. Defendants' unauthorized importation, promotion, distribution, offer for sale, and sale of their Counterfeit Goods will dilute and tarnish Pfizer's reputation and injure the value of the Pfizer Marks to Pfizer as indicators of the quality pharmaceutical products that consumers have come to expect from Pfizer.

57. Defendants' conduct is diluting and is likely to dilute the Pfizer Marks by impairing the distinctiveness of the Pfizer Marks, in violation of 15 U.S.C. § 1125(c).

58. Upon information and belief, Defendants do not own any federal or state trademark registrations for any mark that includes, in whole or in part, any of the Pfizer Marks, and cannot assert any rights in the Pfizer Marks that are prior to Pfizer's rights.

59. Defendants' conduct has caused and is causing immediate and irreparable injury to Pfizer and will continue to both damage Pfizer and deceive the public unless enjoined by this Court. Pfizer has no adequate remedy at law.

## COUNT IV – COMMON LAW UNFAIR COMPETITION.

60. Pfizer hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 38 above.

61. This is an action against Defendants based on their promotion, advertisement, distribution, offering for sale, and sale of goods using marks that are virtually identical, both

visually and phonetically, to the Pfizer Marks in violation of Florida's common law of unfair competition.

62. Defendants are promoting and otherwise advertising, selling, offering for sale, and distributing pharmaceutical products using counterfeits and infringements of the Pfizer Marks. Defendants are also using counterfeits and infringements of the Pfizer Marks to unfairly compete with Pfizer and others for (1) space in search engine results across an array of search terms and (2) visibility on the World Wide Web.

63. Defendants' infringing activities are likely to cause and actually are causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' products by their use of the Pfizer Marks.

64. Pfizer has no adequate remedy at law and is suffering irreparable injury as a result of Defendants' actions.

## COUNT V - COMMON LAW TRADEMARK INFRINGEMENT

65. Pfizer hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 38 above.

66. This is an action for common law trademark infringement against the Defendants based on their promotion, advertisement, offering for sale, and sale of the Counterfeit Goods bearing the Pfizer Marks.  Pfizer is the owner of all common law rights in and to the Pfizer Marks.

67. Specifically, Defendants, upon information and belief, are importing or manufacturing, promoting and otherwise advertising, offering for sale, selling and distributing pharmaceutical products using infringements of the Pfizer Marks.

68. Defendants infringing activities are likely to cause and actually are causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Counterfeit Goods bearing the Pfizer Marks.

69. Pfizer has no adequate remedy at law and is suffering damages and irreparable injury as a result of Defendants' actions.

## PRAYER FOR RELIEF

70. WHEREFORE, Pfizer demands judgment on all Counts of this Complaint and an award of equitable relief and monetary relief, jointly and severally, against Defendants as follows:

    a. Entry of temporary, preliminary, and permanent injunctions pursuant to Federal Rule Civil Procedure 65 enjoining Defendants, their agents, representatives, servants, employees, and all those acting in concert or participation therewith, from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell their Counterfeit Goods; from infringing, counterfeiting, or diluting the Pfizer Marks; from using the Pfizer Marks, or any mark or trade dress similar thereto, in connection with the sale of any unauthorized goods; from using any logo, trade name or trademark or trade dress that may be calculated to falsely advertise the services or goods of Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with Pfizer; from processing, packaging, and transporting any product bearing any of the Pfizer Marks or any mark that is a simulation, reproduction, copy, colorable imitation, or confusingly similar variation of any of the Pfizer Marks; from falsely representing themselves as being connected with Pfizer, through sponsorship or association, or engaging in any act that is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of Defendants, are in any way endorsed

by, approved by, and/or associated with Pfizer; from using any reproduction, counterfeit, copy, or colorable imitation of the Pfizer Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendants; from affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent Defendants' goods as being those of Pfizer, or in any way endorsed by Pfizer and from offering such goods in commerce; from engaging in search engine optimization strategies using colorable imitations of Pfizer's name or trademarks and from otherwise unfairly competing with Pfizer.

      b.     Entry of an Order requiring the Seller IDs, and any other alias seller identification names being used by Defendants to engage in the business of marketing, offering to sell and/or selling goods bearing counterfeits and infringements of the Pfizer Marks be disabled by the applicable governing Internet marketplace website.

      c.     Entry of an order canceling or, at Pfizer's election, transferring the domain names used or controlled by Defendants to engage in their counterfeiting of the Pfizer Marks at issue to Pfizer's control so they may no longer be used for illegal purposes.

      d.     Entry of an Order that, upon Pfizer's request, the top level domain (TLD) Registry for the domain names used or controlled by Defendants or their administrators, including backend registry operators or administrators, place the domain names on Registry Hold status for the remainder of the registration period for any such domain name, thus removing them from the TLD zone files which link the domain names to the IP addresses where the associated websites are hosted.

      e.     Entry of an Order that, upon Pfizer's request, any Internet marketplace website administrators that are provided with notice of the injunction, cease facilitating access to

any or all domain name and e-commerce stores through which Defendants engage in the promotion, offering for sale and/or sale of goods bearing counterfeits and/or infringements of the Pfizer Marks.

      f.      Entry of an Order requiring Defendants to account to and pay Pfizer for all profits and damages resulting from Defendants' trademark infringing and counterfeiting and unfairly competitive activities and that the award to Pfizer be trebled, as provided for under 15 U.S.C. §1117, or, at Pfizer's election with respect to Count I, that Pfizer be awarded statutory damages from each Defendant in the amount of two million dollars ($2,000,000.00) per each counterfeit trademark used and product sold, as provided by 15 U.S.C. §1117(c)(2) of the Lanham Act.

      g.      Entry of an award of Pfizer's costs and reasonable attorneys' fees and investigative fees associated with bringing this action.

      h.      Entry of an Order requiring all funds, including any funds restrained, up to and including the total amount of judgment, in payment accounts or money transfer systems used in connection with the Seller IDs or other alias seller identification or e-commerce store names used by Defendants presently or in the future, including PayPal, Inc., and any other financial institution, bank, and\or payment processing accounts, to be surrendered to Pfizer in partial satisfaction of the monetary judgment entered herein.

      i.      Entry of an award of pre-judgment interest on the judgment amount.

      j.      Entry of an Order for any further relief as the Court may deem just and proper.

DATED: March 14, 2016.					Respectfully submitted,

							STEPHEN M. GAFFIGAN, P.A.

							By: **s/Stephen M. Gaffigan**
							Stephen M. Gaffigan (Fla. Bar No. 025844)
							Virgilio Gigante (Fla. Bar No. 082635)
							T. Raquel Rodriguez-Albizu (Fla. Bar. No. 103372)
							401 East Las Olas Blvd., Suite 130-453
							Ft. Lauderdale, Florida 33301
							Telephone: (954) 767-4819
							Facsimile: (954) 767-4821
							E-mail: Stephen@smgpa.net
							E-mail: Leo@smgpa.net
							E-mail: Raquel@smgpa.net

							Attorneys for Plaintiff
							PFIZER, INC.

## SCHEDULE "A"
## DEFENDANTS BY NUMBER AND SELLER IDs

| Def. No. | Defendant / Seller ID |
|---|---|
| 1 | Guangzhou Mumu Trading Co., Ltd |
| 2 | KangRui Bio-Tech Co., Ltd. |
| 3 | Shenzhen Haoming Biological Technology Co., Ltd. |
| 3 | Shenzhen Greenroom Biotechnology Co. Ltd. |
| 4 | Shenzhen Viagra Biotechnology Co., Ltd. |
| 4 | Kunming MJ Trade Co., Ltd |